[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-12071

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORVILLE TUCKER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:97-cr-00447-WPD-1

————————————————

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Orville Tucker appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Tucker argues that the district court erred when it determined that it could not consider Congress's 2018 amendment to 18 U.S.C. § 924(c) as an extraordinary and compelling reason for a reduced sentence and, thus, denied his motion. Additionally, Tucker argues that the district court erred as a matter of law and abused its discretion when it denied him relief without considering his 18 U.S.C. § 3553(a) arguments, and that the district court's order is incapable of meaningful appellate review. For the following reasons, we affirm.

## I.

We review *de novo* a district court's determination about a defendant's eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

§ 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. U.S. Sentencing Guidelines § 1B1.13 provides the applicable policy statement for § 3582(c)(1)(A). The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. U.S.S.G. § 1B1.13 cmt. n.1. Subsection D serves as a catch-all provision, providing that a prisoner may be eligible for relief if, as determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id.*

The policy statement in § 1B1.13 explicitly states that it implements 28 U.S.C. § 994(t), which requires the Commission to develop general policy statements regarding the appropriate use of the sentence modification provisions outlined in § 3582(c). *See* U.S.S.G, § 1B1.13; *Bryant*, 996 F.3d at 1255.

In *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000), we held that § 3582(c) does not grant the court jurisdiction to consider extraneous resentencing issues such as an Eighth Amendment claim. The district court granted Bravo's motion for a sentence reduction under § 3582(c)(2) to take advantage of the retroactive change in the Sentencing Guidelines in U.S.S.G. § 2D1.1. *Id.* at 780. But the court denied his request for a downward departure in his sentence because of an extraordinary medical condition and to apply the safety valve, stating that it lacked jurisdiction to consider those issues. *Id.* On appeal, we explained that a sentence adjustment under § 3582(c)(2) does not constitute a *de novo* resentencing, and thus, a district court's discretion is cabined in the context of a § 3582(c) sentencing reconsideration. *Id.* at 781.

In *Bryant*, we held that the Commission's definition of extraordinary and compelling reasons that permit a district court to reduce an incarcerated defendant's sentence are binding upon the court. 996 F.3d at 1262–63. We explained that Application Note 1(D), which allows the Director of the BOP to determine extraordinary and compelling reasons to reduce a defendant's sentence that fall outside the scope of the reasons in subdivisions (A) through (C), does not conflict with § 3582(c)(1)(A). *Id.* at 1263.

21-12071                Opinion of the Court                    5

Therefore, we explained, defendants may file § 3582(c)(1)(A) motions, but district courts must still follow the extraordinary and compelling reasons as determined by the BOP and may not independently determine what extraordinary and compelling reasons exist for reducing a defendant's sentence. *Id.* at 1264.

And, under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or us sitting *en banc*. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

Tucker's argument that there was not an applicable policy statement constraining the district court's discretion to grant a sentence reduction under § 3582(c)(1)(A) fails and is foreclosed by prior panel precedent. The district court did not err when it found that it could not consider Congress's 2018 amendment to 18 U.S.C. § 924(c) when it analyzed whether Tucker showed extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A). Accordingly, the district court did not abuse its discretion when it denied Tucker's motion for a reduced sentence.

## II.

In *Bryant*, we concluded that the policy statement in U.S.S.G. § 1B1.13 applies to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. 996 F.3d at 1262. We also held that district courts do not have the discretion under the catch-all

provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1263–65.

If a district court finds that a defendant has extraordinary and compelling reasons to warrant a sentence reduction, it may reduce his term of imprisonment after considering the factors outlined in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Among other factors, the § 3553(a) factors include the nature and circumstances of the defendant's offense, the need to afford adequate deterrence to criminal conduct, respect for the rule of law, and the need to protect the public from further crimes of the defendant.

A district court abuses its discretion when it (1) disregards relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably. *Id.* While consideration of the § 3553(a) factors is mandatory, the weight given to each factor is at the district court's discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). However, the court need not explicitly discuss each factor it is required to consider. *Id.* at 1326.

Additionally, we have held that because support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement must be satisfied to

grant a defendant a reduced sentence, the absence of one condition forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021). Indeed, if the district court finds that one of the compassionate release conditions was not satisfied, it is not an abuse of discretion for the district court to skip the assessment of another condition. *Id.* And nothing on the face of § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order. *See id.*

Here, the district court was not required to address the § 3553(a) factors because it determined that Tucker did not present an extraordinary and compelling reason for a reduced sentence. However, the court did address the § 3553(a) factors and, in doing so, did not abuse its discretion because it did not give significant weight to an improper or irrelevant factor, did not commit a clear error of judgment when it considered the proper factors, and did not disregard relevant factors that were due significant weight. Finally, the district court provided an adequate basis for our appellate review.

★ ★ ★ ★

Accordingly, the district court did not abuse its discretion when it denied Tucker's motion for a reduced sentence. We therefore affirm.

**AFFIRMED.**